## Second Department, June, 1934.

In the Matter of the Petition of Shelley Braverman, a Trust Beneficiary and Bondholder, etc. Shelley Braverman, Respondent; Central Hanover Bank and Trust Company, Appellant.— Motion to amend record by incorporating therein the statement under rule 234█in the form presented granted, and the record is deemed to be so amended. Present — Young, Hagarty, Carswell, Scudder and Davis, JJ.

In the Matter of the Application of Lorenzo C. Carlino for a Prohibition Order against Thomas Downs, Judge of the County Court of the County of Queens.— Motion for a prohibition order against the county judge of Queens county in *Matter of Carlino* v. *Downs,* denied, without costs. This court in the first instance has no power to grant an alternative prohibition order against a judge of an inferior court. (Civ. Prac. Act, §§ 1343 and 1344.) In our opinion, the commitment already made and any resettled or amended commitment may be reviewed by certiorari. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

In the Matter of Francis X. McNamara, an Attorney.— During the pendency of disciplinary proceedings the respondent consented that his name be struck from the roll of attorneys. The official referee designated to hear and report having recommended that the consent be accepted, the respondent is disbarred and his name ordered to be struck from the roll of attorneys. Present — Lazansky, P. J., Young, Scudder, Tompkins and Davis, JJ.

In the Matter of the Judicial Settlement of the Intermediate Account of Proceedings of Ray L. Erb and Others, as Executors of the Last Will and Testament of Elmer Ellsworth Smathers, Deceased. United States of America, Appellant; Ray L. Erb and Others, as Executors, etc., Respondents.— Motion denied on authority of *Matter of Carlino* v. *Downs (ante,* p. 631), decided herewith. Moreover, the decree appealed from is inconclusive. The applicant may move to vacate the citation and service thereof upon it. In the event such a motion is denied it may appeal on a record that will present a practical question. A stay may then be granted on terms preserving the *status quo* pending an appeal to review the ruling claimed to aggrieve. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ.

The People of the State of New York, Respondent, v. Crotona Trading Corporation and Others, Appellants.— In view of the decision in *People* v. *Crotona Trading Corp. (post,* p. 664), decided herewith, the motion of receiver to file a brief is dismissed. Present — Lazansky, P. J., Young, Kapper, Tompkins and Davis, JJ.

Walter Barth, Respondent, v. Louis Drago, Appellant.— Judgment reversed on the law and the facts and a new trial granted, costs to abide the event. The court erred in charging the jury that there was no question with respect to whether or not the plaintiff had a broken nose. There was a conflict of evidence on this point, and the court's charge was an invasion of the jury's function in this respect. Lazansky, P. J., Kapper, Hagarty, Carswell and Tompkins, JJ., concur.